IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA A. LUSTER-WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 C 533 |
| | ) |
| | ) Judge Darrah |
| GRANT THORNTON, LLP | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, GRANT THORNTON LLP ("Grant Thornton" or the "Firm"), by and through its attorneys, NEAL GERBER & EISENBERG LLP, answers Plaintiff's Complaint and asserts its Affirmative Defenses as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**ANSWER**: Grant Thornton admits that Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended. Grant Thornton further admits that Plaintiff seeks injunctive relief and damages. Grant Thornton denies that it discriminated against Plaintiff, and denies that Plaintiff is entitled to injunctive, monetary or any other type of relief. Grant Thornton denies the remaining allegations of Paragraph 1.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

**ANSWER:** Grant Thornton admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Grant Thornton denies the remaining allegations of Paragraph 2.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2). Grant Thornton, LLP, is located at 1901 S. Meyers Road, Oakbrook Terrace, Illinois.

**ANSWER:** Grant Thornton admits that venue in this district is proper. Grant Thornton further admits that it has an office located at 1901 S. Meyers Road, Oakbrook Terrace, Illinois.

## PARTIES

4. Plaintiff, DEBRA A. LUSTER-WILSON, is a black African American female United States citizen who resides in Illinois.

**ANSWER:** On information and belief, Grant Thornton admits the allegations of Paragraph 4.

5. Defendant, GRANT THORNTON, LLP, is a corporation properly recognized and sanctioned by the law [sic] of the State of Illinois, and at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

**ANSWER:** Grant Thornton denies that it is a corporation. Grant Thornton admits the remaining allegations of Paragraph 5.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the State of Illinois Department of Human Rights on September 28, 2005, charge number 2006CF0738 and EEOC number 21BA53237. The Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue on her charge of discrimination on October 25, 2007, which was received on November 8, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period. Attached is the EEOC right to sue letter.

**ANSWER:** Grant Thornton lacks knowledge as to when Plaintiff received the Notice of Right to Sue, and therefore denies that Plaintiff received the Notice of Right to Sue on November 8,

2007. Grant Thornton further denies that Plaintiff filed her Complaint within the timeframe required by law. Grant Thornton admits the remaining allegations of Paragraph 6.

### COUNT I-TITLE VII-RACIAL DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by references as if fully set out herein.

**ANSWER:** Grant Thornton incorporates by reference its Answers to Paragraphs 1-6 as its Answer to Paragraph 7.

8. Plaintiff began working for Defendant as an Executive Administrative Assistant on June 6, 2005. Throughout her employment, Plaintiff performed to Defendant's reasonable expectations.

**ANSWER:** Grant Thornton admits that Plaintiff began a temporary employment assignment with the Firm on or about June 6, 2005. Grant Thornton denies the remaining allegations of Paragraph 8.

9. Beginning on or about June 6, 2005, and continuing through August, 2005, Plaintiff experienced harassing activity in Defendant's workplace from Debra Shepard [sic] (white), a similarly situated co-worker. Shepard would confront Plaintiff and state that she reminded her of a slave. Plaintiff reported her actions to Sabrina Allen (black), Defendant's Human Resources Representative on that day. On June 13, 2005, Plaintiff reported the incident to her direct supervisor, a partner of the firm, and David Holyoak (white), Defendant's Chief Information Officer, but no actions were taken by the Defendant's management to stop Shepard from engaging in her negative, racially motivated activity.

**ANSWER:** Grant Thornton admits that in July 2005, Plaintiff and Debra Shepherd (Caucasian), also a temporary employee of the Firm, were involved in an incident in which Plaintiff alleged that Shepherd made racially insensitive remarks toward Plaintiff. Grant Thornton further admits that Plaintiff met with Sabrina Allen (African-American), Human Resources Manager, to discuss the incident. Grant Thornton further admits that Plaintiff "reported" the incident to David Holyoak (Caucasian), the Firm's Chief Information Office, but states that Plaintiff did so in the

-3-

form of one after-hours voicemail. Grant Thornton denies the remaining allegations of Paragraph 9.

10. Instead, on or about July 25, 2005, Plaintiff was issued a written warning from Sabrina Allen, Defendant's Human Resources Representative. Allen's documentation states that Plaintiff was being issued the written warning because she allegedly threatened Debra Shepard [sic], a similarly situated employee through a voicemail. Plaintiff did not engage in any act of willful misconduct which merited the issuance of a written disciplinary warning.

**ANSWER:** Grant Thornton admits that Plaintiff was issued a written warning on or about July 25, 2005, for directing violent threats and remarks at Shepherd, and that Allen issued the warning. Grant Thornton states that the written warning speaks for itself. Grant Thornton denies the remaining allegations of Paragraph 10.

11. Plaintiff alleges that Defendant's action created a work environment which became hostile, egregious and outrageous, and affected her ability to perform the essential duties of her job.

**ANSWER:** Grant Thornton denies the allegations of Paragraph 11.

12. Plaintiff further alleges that Defendant's adverse action followed my protected activity within such period of time as to raise an inference of retaliatory motivation.

**ANSWER:** Grant Thornton denies the allegations of Paragraph 12.

13. Plaintiff satisfactorily performed her duties as an Executive Administrative Assistant, and had been employed with Defendant since June 6, 2005.

**ANSWER:** Grant Thornton admits that Plaintiff began a temporary employment assignment with the Firm on or about June 6, 2005. Grant Thornton denies the remaining allegations of Paragraph 13.

14.     Plaintiff alleges that she was discharged on or about September 6, 2005, because of her race, black.

**ANSWER:** Grant Thornton admits that the final day of Plaintiff's temporary employment assignment was September 6, 2005. Grant Thornton denies the remaining allegations of Paragraph 14.

15.     On or about September 6, 2005, Plaintiff was discharged by Sabrina Allen, (black), Defendant's Human Resources Representative, and David Holyoak (white), Defendant's Chief Information Technology Officer. Holyoak thanked Plaintiff for the great job that she had done for him in organizing his work, then stated that she was being discharged because "it was not working out." No documentation was received from either Holyoak or Allen which validated their reason for the adverse action. During this period of time, Plaintiff did not engage in any act of willful misconduct which merited being discharged by the Defendant. The white employee was not discharged until sometime thereafter.

**ANSWER:** Grant Thornton admits that the final day of Plaintiff's temporary employment assignment was September 6, 2005, and that Holyoak (Caucasian), the Firm's Chief Information Officer, made the decision not to extend Plaintiff's temporary employment assignment. Grant Thornton denies the remaining allegations of Paragraph 15.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBRA A. LUSTER-WILSON, prays for judgment against Defendant respectfully requests that this Court:

- A.   Declare the conduct of Defendant to [sic] violated the rights guaranteed to Plaintiff under appropriate Federal Law;

- B.   Order Defendant to make whole DEBRA A. LUSTER-WILSON by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

- C.   Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

- D.   Grant Plaintiff her attorney fees, costs, disbursements; and

- E.   Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:** Grant Thornton denies that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

16.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**ANSWER:** Grant Thornton admits and acknowledges that Plaintiff has requested a trial by jury. Grant Thornton denies that Plaintiff's claims for injunctive relief may be heard and determined by a jury.

## Grant Thornton's Affirmative Defenses

For its Affirmative Defenses, Grant Thornton states as follows:

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Certain allegations and/or claims appearing in Plaintiff's Complaint are untimely and therefore barred by the applicable statute of limitations.

### Third Affirmative Defense

Certain allegations and/or claims appearing in Plaintiff's Complaint are beyond the scope of Plaintiff's Charge of Discrimination.

### Fourth Affirmative Defense

Plaintiff had a duty to take reasonable steps to mitigate her alleged damages, if any. Plaintiff failed to take any such steps, delayed in doing so, or took steps which compounded or exacerbated her alleged damages. Had Plaintiff timely and diligently taken reasonable steps to mitigate her alleged damages, they would have been reduced or avoided altogether. By failing to mitigate, Plaintiff is barred, in whole or in part, from recovering damages.

**Fifth Affirmative Defense**

Plaintiff's actions and inactions are the sole cause of Grant Thornton's decision not to extend her temporary employment assignment.

**Sixth Affirmative Defense**

With respect to her hostile work environment claim, because Shepherd was Plaintiff's co-worker, and not a supervisor with immediate authority over Plaintiff, Plaintiff must prove that Grant Thornton failed to remedy harassment about which it knew or should have known. Grant Thornton took prompt corrective action against Shepherd upon learning that she was involved in an incident with Plaintiff in which Shepherd may have made racially insensitive remarks toward Plaintiff. Accordingly, Grant Thornton cannot be held vicariously liable for Shepherd's alleged misconduct.

Dated: March 7, 2008                                 Respectfully submitted,

                                                     GRANT THORNTON LLP

                                                     By:  \s\ Chad W. Moeller
                                                          One of Its Attorneys

Chad W. Moeller
Sonya Rosenberg
Neal Gerber & Eisenberg LLP
2 N. LaSalle., Suite 2200
Chicago, IL  60602
(312) 269-8000

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Answer and Affirmative Defenses to Complaint* was sent to:

>Debra A. Luster-Wilson
>441 Sherwood Road, Apt. #1
>LaGrange Park, IL 60526

via the electronic court filing system and by U.S. mail on March 7, 2008.

\s\ Chad W. Moeller
Chad W. Moeller

NGEDOCS: 1508347.1