RECEIVED
JANUARY 24, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
MARCH 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA A. LUSTER-WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| GRANT THORNTON, LLP, | ) | Jury Requested |
| | ) | |
| Defendant. | ) | |

08CV533
JUDGE DARRAH
MAGISTRATE JUDGE VALDEZ

### COMPLAINT

NOW COMES the Plaintiff, DEBRA A. LUSTER-WILSON, and complains of Defendant, Grant Thornton, LLP, as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2). Grant Thornton, LLP, is located at 1901 S. Meyers Road, Oakbrook Terrace, Illinois.

## PARTIES

4. Plaintiff, DEBRA A. LUSTER-WILSON, is a black African American female United States citizen who resides in Illinois.

5. Defendant, GRANT THORNTON, LLP, is a corporation properly recognized and sanctioned by the law of the State of Illinois, and at all times did and continues to do business in Illinois. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b), as Defendant has continuously and does now employ more than fifteen (15) employees and is engaged in an industry that affects commerce.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the State of Illinois Department of Human Rights on September 28, 2005, charge number 2006CF0738 and EEOC number 21BA53237. The Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue on her charge of discrimination on October 25, 2007, which was received on November 8, 2007. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period. Attached is the EEOC right to sue letter.

## COUNT I-TITLE VII-RACIAL DISCRIMINATION

7. Paragraphs one (1) through six (6) are incorporated by references as if fully set out herein.

8. Plaintiff began working for Defendant as an Executive Administrative Assistant on June 6, 2005. Throughout her employment, Plaintiff performed to Defendant's reasonable expectations.

9. Beginning on or about June 6, 2005, and continuing through August, 2005, Plaintiff experienced harassing activity in Defendant's workplace from Debra Shepard (white), a similarly situated co-worker. Shepard would confront Plaintiff and state that she reminded her of a slave. Plaintiff reported her actions to Sabrina Allen (black), Defendant's Human Resources Representative on that day. On June 13, 2005, Plaintiff reported the incident to her direct supervisor, a partner of the firm, and David Holyoak (white), Defendant's Chief Information Officer, but no actions were taken by the Defendant's management to stop Shepard from engaging in her negative, racially motivated activity.

10. Instead, on or about July 25, 2005, Plaintiff was issued a written warning from Sabrina Allen, Defendant's Human Resources Representative. Allen's documentation states that Plaintiff was being issued the written warning because she allegedly threatened Debra Shepard, a similarly situated employee through a voicemail. Plaintiff did not engage in any act of willful misconduct which merited the issuance of a written disciplinary warning.

11. Plaintiff alleges that Defendant's action created a work environment which became hostile, egregious and outrageous, and affected her ability to perform the essential duties of her job.

12. Plaintiff further alleges that Defendant's adverse action followed my protected activity within such period of time as to raise an inference of retaliatory motivation.

13. Plaintiff satisfactorily performed her duties as an Executive Administrative Assistant, and had been employed with Defendant since June 6, 2005.

14. Plaintiff alleges that she was discharged on or about September 6, 2005, because of her race, black.

15. On or about September 6, 2005, Plaintiff was discharged by Sabrina Allen, (black), Defendant's Human Resources Representative, and David Holyoak (white), Defendant's Chief Information Technology Officer. Holyoak thanked Plaintiff for the great job that she had done for him in organizing his work, then stated that she was being discharged because "it was not working out." No documentation was received from either Holyoak or Allen which validated their reason for the adverse action. During this period of time, Plaintiff did not engage in any act of willful misconduct which merited being discharged by the Defendant. The white employee was not discharged until sometime thereafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBRA A. LUSTER-WILSON, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violated the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Order Defendant to make whole DEBRA A. LUSTER-WILSON by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

C. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages the Court may deem appropriate against Defendant;

D. Grant Plaintiff her attorney fees, costs, disbursements; and

E. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

16. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,
DEBRA A. LUSTER-WILSON, Plaintiff

*/s/ Debra A. Luster-Wilson*

EEOC Form 161 (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Ms. Debra A. Luster-Wilson
c/o Mr. Robert A. Holstein, Esq.
Attorney at Law
19 South LaSalle Street, Suite 1500
Chicago, IL 60603

From: Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661-2511

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2005-03237 | Nola Smith, State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*                                   OCT 25 2007
John P. Rowe, District Director                  (Date Mailed)

Enclosure(s)

cc: Grant Thornton, LLP

IV.     **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I was interviewed for the job in the summer, 2004. I was called back for the job in January 2005, asking if I was still interested. From January - May I was called at least twice a week by (Leslie (Rarely) (Sabrina Allen (Rarely) Joaquin Barry telling me they wanted me. But the girl (Shepherd) they had in the position was not working out But they were having problems getting David Holyoak to fire her. David was trying to find her work within his group. — Joaquin was worried about me being placed in a hostile work environment. He said the girl was trouble and had a bad attitude. She felt the job was beneath her. She kept telling them what she would not do. — When I arrived, I was treated very unprofessionally by Shepherd and when asked, I let Mr. Barry know what was happening along with Lisa (the former assistant who now worked in Chicago). I continued to be mistreated and was later called a slave 3X by Debbie Shepherd. — I was asked to continue (By David Holyoak) I was told to continue to work closely to Shepherd. The person who called me a slave and constantly harassed me. I began having nightmares every night + feared for my life. For I had seen what happened when Dr. King was assassinated and when my grandmother was a victim of racism. I was afraid a race riot would erupt

4                                                           Revised 9/2007

at Grant Thornton because several employees had heard I was called a slave and that nothing had been done. I feared violence would be the result of their actions regarding me + Shepherd. — I left desperate, crying voice mails to David + Mr Barry, begging them for help. Requesting to be removed to the Chicago office, not fired, just moved. I was afraid if she got in my face and called me a slave again one of us would be hurt and the matter escalated. I continued leaving voice mails + emails but was told Shepherd would not be moved but I was placed on warning. I never threatened her but spoke that it may happen if they didn't help. — In Sept they told me I didn't work out — When Shepherd + others didn't work out they tried to find work elsewhere for them, why wasn't I treated the same? They received a letter from an anonymous source stating how badly + differently minorities were being treated. Shepherd worked months past her 90 days. Why wasn't I treated the same? Why were my begging, crying voice mails used against me instead of helping me? This happened in their company. Weren't they responsible for my mental + physical safety as well? — If they feared violence from me, why didn't they immediately fire me instead of waiting until I finished the large tax project they had me working on? — Because I complained of their poor treatment, they retaliated and fired me. Why wasn't I treated the same? Shepherd remained months after her 90 days. They saw I was excellent but after being called a slave and my complaining, I was terminated. I was treated unfairly. I was treated differently. When they responded to the IDHR, they took a lot of my words out of their right context and lied regarding Shepherd immediately apologizing, etc.

5

Revised 9/2007

| CHARGE OF DISCRIMINATION<br>is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br>(06W0928-01) | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2006CF0738 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr. Ms. Mrs.)<br>Mrs. Debra A. Luster-Wilson | | HOME TELEPHONE (include area code)<br>(708) 352-8164 | |
|---|---|---|---|
| STREET ADDRESS<br>441 Sherwood Road; Apt. #1 | CITY, STATE AND ZIP CODE<br>LaGrange Park, IL. 60526 | DATE OF BIRTH<br>03/28/59 | |
| NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW) | | | |
| NAME<br>Grant Thornton, LLP. | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE<br>(630) 873-2500 | |
| STREET ADDRESS<br>1901 S. Meyers Road | CITY, STATE AND ZIP CODE<br>Oakbrook Terrace, IL. 60181 | COUNTY<br>DuPage (043) | |
| CAUSE OF DISCRIMINATION BASED ON:<br>Race    Retaliation | | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)    LATEST (ALL)<br>09/06/05<br>☐ CONTINUING ACTION | |

**THE PARTICULARS ARE** (If additional space is needed attach extra sheets)

I.   A.   ISSUE/BASIS

WRITTEN WARNING, ON OR ABOUT JULY 25, 2005, BECAUSE OF MY RACE, BLACK.

B.   PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as an Executive Administrative Assistant, and have been employed with Respondent since June 6, 2005.

(Continued)

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

_[signature]_ Krystal I. Rogers
NOTARY SIGNATURE    MONTH DATE-YEAR

"OFFICIAL SEAL"
Krystal I. Rogers
Notary Public, State of Illinois
My Commission Expires Nov. 15, 2006
NOTARY SEAL    9/28/05

X _[signature]_ Debra Luster-Wilson   9/28/05
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct. I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

FORM 5 (5/05)

Charge Number: 2006CF0738
Debra A. Luster-Wilson
Page 2

    3. On or about July 25, 2005, I was issued a written warning from Sabrina Allen (black), Respondent's Human Resources Representative. Allen's documentation states that I was being issued the written warning because I allegedly threatened Debra Shepard (white), a similarly situated employee through a voicemail message transmitted to my boss, David Holyoak and Joaquin Barry, Respondent's Human Resources Representative. I did not engage in any act of willful misconduct which merited the issuance of a written disciplinary warning.

    4. I believe that there have been other, similarly situated, non-black executive administrative assistants, such as Debra Shepard and others, that have also engaged in acts of harassing and threatening other co-workers, but they were not issued any written or other disciplinary warning as I have been

II.    A.  ISSUE/BASIS

    WRITTEN WARNING, ON OR ABOUT JULY 25, 2005, IN RETALIATION FOR COMPLAINING ABOUT RACE DISCRIMINATION IN RESPONDENT'S WORKPLACE.

    B.  PRIMA FACIE ALLEGATIONS

    1. On or about June 20, 2005, I engaged in a protected activity when I complained to Sabrina Allen, Respondent's Human Resources Representative, and to David Holyoak, Respondent's Chief Information Officer, about experiencing racially discriminatory actions from Debra Shepard, a co-worker.

    2. On or about July 25, 2005, I was issued a written warning from Sabrina Allen, Respondent's Human Resources Representative. Allen's documentation states that I was being issued the written warning because I allegedly threatened Debra Shepard, a similarly situated employee through a voicemail. I did not engage in any act of willful misconduct which merited the issuance of a written disciplinary warning.

    3. Respondent's adverse action followed my protected activity within Such a period of time as to raise an inference of retaliatory motivation.

(Continued)

Charge Number: 2006CF0738
Debra A. Luster-Wilson
Page 3

III.    A.    ISSUE/BASIS

HARASSMENT, BEGINNING ON OR ABOUT JUNE, CONTINUING THROUGH AUGUST, 2005, BECAUSE RACE, BLACK.

B.    PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as an Administrative Assistant, and have been emplo[yed by] Respondent since June 6, 2005.

3. Beginning on or about June 6, 2005 and continu[ing through] August, 2005, I have experienced harassing acti[ons in the] workplace from Debra Shepard (white), a similarly situated co-worker. Shepard would co[nstantly] state that I reminded her of a slave. I reported [this to] Sabrina Allen (black), Respondent's Human Re[sources] Representative, and to David Holyoak (white), [the] Chief Information Officer, but no actions were [taken] by the Respondent's management to stop Shepa[rd from] engaging in her negative, racially motivated act[ions].

4. Respondent's action created a work environmen[t that is] hostile, egregious and outrageous, and affected [my ability to] perform the essential duties of my job.

5. I believe that there have been other, similarly s[ituated] executive administrative assistants, such as Deb[ra and] others, that have also been harassed in Respond[ent's workplace,] but their complaints were addressed by the Res[pondent and] resolved in a timely manner.

(Continued)

Charge Number: 2006CF0738
Debra A. Luster-Wilson
Page 4

    IV.    A.    **ISSUE/BASIS**

        HARASSMENT, BEGINNING ON OR ABOUT JUNE 6, 2005 AND CONTINUING THROUGH SEPTEMBER 2, 2005, IN RETALIATION FOR COMPLAINING ABOUT RACIAL DISCRIMINATION IN RESPONDENT'S WORKPLACE.

        B.  **PRIMA FACIE ALLEGATIONS**

1. On or about June 6, 2005, I engaged in a protected activity when I complained to Joaquin Barry, Respondent's Human Resources Representative, and to Lisa Schoknecht, Respondent's Executive Assistant, and then on June 13, 2005 to David Holyoak, Respondent's Chief Information Officer, about experiencing racially discriminatory actions from Debra Shepard, a co-worker.

2. Beginning on or about June 6, 2005 and continuing through August, 2005, I have experienced harassing activity in Respondent's workplace from Debra Shepard, a similarly situated co-worker. On June 20, 2005, Shepard would confront me and state that I reminded her of a slave. I reported her actions to Sabrina Allen, Respondent's Human Resources Representative, and to David Holyoak, Respondent's Chief Information Technology Officer, but no actions were taken by the Respondent's management to stop Shepard from engaging in her negative, racially motivated activity.

3. Respondent's action created a work environment which became hostile, egregious and outrageous, and affected my ability to perform the essential duties of my job.

4. Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

    V.    A.    **ISSUE/BASIS**

        DISCHARGE, ON OR ABOUT SEPTEMBER 6, 2005, BECAUSE OF MY RACE, BLACK.

(Continued)

Charge Number: 2006CF0738
Debra A. Luster/Wilson
Page 5

      B.     PRIMA FACIE ALLEGATIONS

          1.    My race is black.

          2.    I have satisfactorily performed my duties as an Executive Administrative Assistant, and have been employed with Respondent since June 6, 2005.

          3.    On or about September 6, 2005, I was discharged by Sabrina Allen, (black), Respondent's Human Resources Representative, and David Holyoak (white), Respondent's Chief Information Technology Officer. Holyoak thanked me for the great job that I did for him in organizing his work, then stated that I was being discharged because "it was not working out". No documentation was received from either Holyoak or Allen which validated their reason for the adverse action. During this period of time, I did not engage in any act of willful misconduct which merited being discharged by the Respondent.

          4.    I believe that there have been other, similarly situated, non-black executive administrative assistants, such as Debra Shepard and others, that have levels of work performance which were less advanced than mine, but they were not discharged by the Respondent because "it was not working out".

VI.   A.    ISSUE/BASIS

          DISCHARGE, ON OR ABOUT SEPTEMBER 6, 2005, IN RETALIATION FOR COMPLAINING ABOUT RACIAL DISCRIMINATION IN RESPONDENT'S WORKPLACE.

      B.     PRIMA FACIE ALLEGATIONS

          1.    On or about June 20, 2005, I engaged in a protected activity when I complained to Sabrina Allen, Respondent's Human Resources Representative, and to David Holyoak, Respondent's Chief Information Technology Officer, about experiencing racially discriminatory actions from Debra Shepard, a co-worker.

Charge Number: 2006CF0738
Debra A. Luster-Wilson
Page 6

    2.    On or about September 6, 2005, I was discharged by Sabrina Allen, Respondent's Human Resources Representative, and David Holyoak, Respondent's Chief Information Technology Officer. Holyoak and Allen stated that I was being discharged because "it was not working out" with my employment with Respondent. No documentation was received from either Holyoak or Allen which validated their reason for the adverse action. During this period of time, I did not engage in any act of willful misconduct which merited being discharged by the Respondent.

    3.    Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date**. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period**.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private** employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court**.

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State**, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may, assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

5/11/2000

## Information on Where to File Suit

You have been notified of your right to file suit in Federal District Court. Suit is ordinarily filed in the District Court having jurisdiction of the county in which the employer, against whom you filed a charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

U.S. District Court
Northern District of Illinois
Eastern Division at Chicago
219 South Dearborn Street
Chicago, Illinois  60604
312/435-5670

Counties

| | |
|---|---|
| Cook | Kendall |
| DuPage | Lake |
| Grundy | LaSalle |
| Kane | Will |

U.S. District Court
Northern District of Illinois
Western Division at Rockford
211 South Court Street
Federal Building
Rockford, Illinois  61101
815/987-4355

Counties

| | |
|---|---|
| Boone | McHenry |
| Carroll | Ogle |
| DeKalb | Stephenson |
| JoDaviess | Whiteside |
| Lee | Winnebago |

U.S. District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, Illinois  62201
618/482-9370

and

301 West Main Street
Benton, Illinois  62812
618/438-0671

Counties

| | |
|---|---|
| Alexander | Johnson |
| Bond | Lawrence |
| Calhoun | Madison |
| Clark | Marion |
| Clay | Massac |
| Clinton | Monroe |
| Crawford | Perry |
| Cumberland | Pope |
| Edwards | Pulaski |
| Effingham | Randolph |
| Fayette | Richland |
| Franklin | St. Clair |
| Gallatin | Saline |
| Hamilton | Union |
| Hardin | Wabash |
| Jackson | Washington |
| Jasper | Wayne |
| Jefferson | White |
| Jersey | Williamson |

U.S. District Court
Central District of Illinois
Danville/Urbana Division
201 North Vermilion
Danville, Illinois  61832
217/431-4805

and

201 South Vine
218 U.S. Courthouse
Urbana, Illinois  61801
217/373-5830

Counties

| | |
|---|---|
| Champaign | Kankakee |
| Coles | Macon |
| Douglas | Moultrie |
| Edgar | Piatt |
| Ford | Vermilion |
| Iroquois | |

Peoria Division
100 N.E. Monroe Street
135 Federal Building
Peoria, Illinois  61602
309/671-7117

Counties

| | |
|---|---|
| Bureau | McLean |
| Fulton | Peoria |
| Hancock | Putnam |
| Knox | Stark |
| Livingston | Tazewell |
| Marshall | Woodford |
| McDonough | |

Rock Island Division
211 - 19th Street
Rock Island, Illinois  61201
309/793-5778

Counties

| | |
|---|---|
| Henderson | Rock Island |
| Henry | Warren |
| Mercer | |

Springfield Division
600 East Monroe Street
Springfield, Illinois  62701
217/492-4020

Counties

| | | |
|---|---|---|
| Adams | Logan | Pike |
| Brown | Macoupin | Sangamon |
| Cass | Mason | Schuyler |
| Christian | Menard | Scott |
| DeWitt | Montgomery | Shelby |
| Greene | Morgan | |

RECEIVED
JAN 24 2008
Jan 24 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA A. LUSTER-WILSON, | ) |
| Plaintiff, | ) 08CV533 |
| | ) JUDGE DARRAH |
| v. | ) MAGISTRATE JUDGE VALDEZ |
| GRANT THORNTON, LLP, | ) Jury Requested |
| Defendant. | ) |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on January 24, 2008, I caused to be filed with the United States District Court For The Northern District Of Illinois, Eastern Division,

## COMPLAINT

_/s/ Debra A. Luster-Wilson_
Debra A. Luster-Wilson, Plaintiff

## PROOF OF SERVICE

I, Debra A. Luster-Wilson, a non-attorney, certify that I served the attached document to the parties on the service below via first class mail on 1/24, 2008:

Grant Thornton, LLP
1901 S. Meyers Road
Oakbrook Terrace, Illinois 60181

| | |
|---|---|
| X] | Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth in this instrument are true and correct |